UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SAMEKKA RASBERRY,** <br> **ASHLEY FLOWERS** <br> *Plaintiffs*, <br><br> v. <br><br> **WELLS FARGO BANK, N.A.,** <br><br> *Defendant*. | § § § § § § § § § § § § Civil Action No. 4:22-cv-00007 |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, *et seq.*, Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") submits this Notice of Removal ("Notice") to remove this civil action from the Harris County, Texas District Court, 270th Judicial District, to the United States District Court for the Southern District of Texas, Houston Division. In support thereof, the Defendant states as follows:

### I.

### RELEVANT FACTS

1. On December 3, 2021, Samekka Rasberry ("Rasberry") and Ashley Flowers ("Flowers") (collectively, "Plaintiffs") filed their Original Petition against Defendant in the Harris County, Texas District Court, 270th Judicial District, bearing Cause No. 2021-79029. *See* Pl.'s Orig. Pet.

2. Plaintiffs assert claims for alleged employment discrimination and retaliation in violation of Chapter 21 of the Texas Labor Code.

3. Plaintiffs served Defendant with the Original Petition on December 10, 2021.

4.	Defendant filed its Answer to the Original Petition on January 3, 2022. *See* Defendant's Answer. The thirty-day period within which this action may be removed extends through January 10, 2022 since the actual deadline falls on Sunday, January 9, 2022. The removal period has not yet expired.

## II.

## BASIS FOR REMOVAL – DIVERSITY OF CITIZENSHIP

5.	This action is removable to the United States District Court under 28 U.S.C. §§1332 and 1441(b) based on diversity jurisdiction. This Court possesses original subject matter jurisdiction based upon diversity jurisdiction because, as explained below, this action is between citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

6.	This Notice is timely filed within thirty (30) days of Plaintiffs serving their Original Petition on December 10, 2021, the first pleading from which Defendant could ascertain that the claims asserted in this matter were removable. 28 U.S.C. §1446(b).

7.	Complete diversity of parties exists where the Plaintiffs and Defendant are citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Here, there is complete diversity between Plaintiffs and Defendant. Plaintiffs are residents of the state of Texas. (Petition at ¶¶ 3, 4). Defendant Wells Fargo Bank, N.A is a national banking association and a federally chartered bank. As such, it is a citizen of the state in which its main office is located, as set forth in its Articles of Association. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006). The main office of Wells Fargo Bank, N.A., is located in Sioux Falls, South Dakota. Wells Fargo Bank is accordingly a citizen of the State of South Dakota.

8. The amount in controversy exceeds $75,000. Plaintiffs each seek damages in excess of $250,000. (Petition at ¶ 2). These facts are sufficient to sustain this removal as it is "facially apparent" that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).

9. Venue in the Southern District of Texas is proper under 28 U.S.C. §1441(a) because the state court where the action is pending is located in this district.

10. By virtue of this Notice, Defendant does not waive its right to assert any claims or other motions, including Rule 12 motions, permitted by the Federal Rules of Civil Procedure.

11. No admission of fact, law, or liability is intended by the Notice, and Defendant expressly reserves all defenses and affirmative defenses.

12. There are no other defendants from whom consent to remove is required.

13. This Notice is signed pursuant to Federal Rule of Civil Procedure 11.

14. This Notice is accompanied by copies of the following:

    a. All executed process in the case *(Exhibit A);*

    b. Pleadings ascertaining causes of action, *e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings *(Exhibit B);*

    c. All orders signed by the state judge *(Exhibit C)*

    d. A copy of the docket sheet in the state court action *(Exhibit D);*

    e. An index of matters being filed *(Exhibit E);* and

    f. A list of all counsel of record, including addresses, telephone numbers, and parties represented *(Exhibit F).*

15. Pursuant to 28 U.S.C. §1446(d), Defendant shall provide written notice of the filing of this Notice to all adverse parties, and a copy of this Notice is also being filed with the Clerk of the State Court in which this case was originally filed.

## III.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant accordingly prays that this Court deem this Notice to be good and sufficient, and that the Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with law.

Respectfully submitted this the 3rd day of January, 2022.

Respectfully submitted,

*/s/ Pamela D. Williams*
**PAMELA D. WILLIAMS**
Texas Bar No. 00784017
Southern District No. 26863
**LARIZA HEBERT**
Texas Bar No. 24098287
Southern District No. 2944441
**FISHER & PHILLIPS LLP**
910 Louisiana Street, Suite 4000
Houston, Texas 77002
Phone: (713) 292-0150
Fax: (713) 292-0151
pwilliams@fisherphillips.com
lhebert@fisherphillips.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 3rd day of January 2022, the foregoing *Notice of Removal* was electronically filed with the Clerk of Court using the CM/ECF system, and was served on counsel for Plaintiffs via email, facsimile, or certified mail, return receipt requested, addressed as follows:

Melissa Moore
Curt Hesse
Moore & Associates
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1055

*/s/ Pamela D. Williams*
**PAMELA D. WILLIAMS**