| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |
|---|---|

SAMEKKA RASBERRY, et al., §
§
*Plaintiff(s)*, §
§
v. § No. 4:22-cv-00007
§ Jury
§
WELLS FARGO BANK, N.A., §
§
*Defendant(s).* §

## PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AS TO CERTAIN AFFIRMATIVE DEFENSES

For the reasons explained below, Plaintiff Samekka Rasberry (referred to as "Rasberry") and Plaintiff Ashely Flowers (referred to as "Flowers") request that the Court enter partial judgment on the pleadings under Rule 12(c) as to Defendant Wells Fargo Bank, N.A.'s (referred to as "Wells Fargo") affirmative defenses that the plaintiffs' claims are barred by limitations or because they failed to exhaust administrative remedies.

### I. Background

Rasberry and Flowers sued Wells Fargo claiming that they were discriminated against because of their disability (Rasberry), race (Rasberry and Flowers) and sex (Rasberry and Flowers) and that they were both retaliated against for engaging in

protected activity. (*See generally*, Pl.'s Pet. (Doc. 1-2) pp. 4-11.) Wells Fargo has moved for summary judgment under Fed. R. Civ. P. 56. (*See generally*, Def. Mot. Summ. J. Rasberry (Doc. 24); Def. Mot. Summ. J. Flowers (Doc. 25).) Its motions rest largely on two affirmative defenses: limitations (Fed. R. Civ. P. 8(c)(1) (limitations)) and failure to exhaust administrative remedies (*Davis v. Ft. Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018) ("Failure to exhaust is an affirmative defense that should be pleaded.")). (*See*, Def. Mot. Summ. J. Rasberry (Doc. 24) pp. 9-12 (limitations); *id*. at 14-17 (failure to exhaust); Def. Mot. Summ. J. Flowers (Doc. 25) at pp. 12-13 (limitations); *id*. at 15-16 (failure to exhaust).) Those defenses, though, were not raised in Wells Fargo's answer and have, therefore, been waived. *See*, *Funding Sys. Leasing Corp. v. Pugh*, 530 F.2d 91, 96 (5th Cir. 1976) ("When the defendant has waived his affirmative defense by failing to allege it in his answer … he cannot revive the defense in a memorandum in support of a motion for summary judgment."). They must, therefore, be dismissed under Rule 12(c).

## II. Argument & Authorities

### A. Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all allegations in the pleadings as true, the moving party is

entitled to judgment as a matter of law." *Stanley v. Trs. of Cal. State Univ.*, 443 F.3d 1129, 1133 (9th Cir. 2006); *see also*, *Mares v. Wood Group Mustang, Inc.*, No. H-14-089, 2015 U.S. Dist. LEXIS 1018, at *3 (S.D. Tex. Jan. 6, 2015) (Rosenthal, J.) (discussing standard for judgment on the pleadings under Rule 12(c)). A Rule 12(c) motion for judgment on the pleadings is "functionally identical" to—and evaluated under the same standard as—a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381 (5th Cir. 2013) ("A Rule 12(c) motion is subject to the same standards as a motion to dismiss under Rule 12(b)(6).") (citations and quotations omitted); *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209-10 (5th Cir. 2010) (same); *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010) (same); *Doe v. MySpace*, 528 F.3d 413, 418 (5th Cir. 2008) (same); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (same); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 330 n.8 (5th Cir. 2002) (same).

In ruling on a motion under Rule 12(c), the Court may not look beyond the pleadings.[1] Fed. R. Civ. P. 12(d); *see also*, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.

---

[1] In other words, it does not matter that a defendant may have included extraneous information about its defenses in motions or discovery responses because Rule 12(d) expressly prohibits their consideration in the context of a motion for judgment on the pleadings. Fed. R. Civ. 12(d). On top of that, the Fifth Circuit has unequivocally held that a party cannot rely on extraneous material to correct a deficiency in a pleading. *Funding Sys. Leasing Corp.*, 530 F.2d at 96 ("When the defendant has waived

– 3 –

1996). And in cases where, as here, a plaintiff is challenging the adequacy of an affirmative defense, the essential inquiry is whether the defendant has both (1) specifically invoked the affirmative defense(s) on which it intends to rely in its answer as required by Rule 8 (and complied with the heightened pleading requirements of Rule 9, if applicable) *and* (2) "set out facts [in the answer] in support of [the affirmative defense(s)] that[, if true] would defeat the complaint [and that are] sufficient to withstand a Rule 12(b)(6) challenge." *Hughes v. Napleton's Holdings, LLC*, No. 15-cv-50137, 2016 U.S. Dist. LEXIS 155202, at *5-*6 (N.D. Ill. Nov. 9, 2016) (citations and quotations omitted) (emphasis added); *see also*, *id*. at *5 ("An affirmative defense asserts that even if the allegations of the complaint are true, additional facts[, which must be plead,] excuse the defendant from some or all liability." (citations and quotations omitted)). If a defendant has plead no facts in support its affirmative defense, it generally must be dismissed. *Id*.

**B. Wells Fargo Did Not Plead Either Limitations or Failure to Exhaust in Its Answer**

Wells Fargo filed its Original Answer on January 3, 2022, asserting ten separate affirmative defenses. (*See*, Def.'s Answer (Doc. 1-2) pp. 17-18.) Notably absent from that list is any mention of "limitations" or "failure to exhaust administrative remedies."

---

his affirmative defense by failing to [adequately] allege it in his answer … he cannot revive the defense in a memorandum in support of a motion for summary judgment.").

– 4 –

(*See*, *id*.) And even though not plead, Wells Fargo still moved for summary judgment on those defenses, which the law does not permit because a movant's pleading must support its motion for summary judgment. *See*, *Nat'l Treasury Empl. Un. v. Helfer*, 53 F.3d 1289, 1295 (D.C. Cir. 1995); *see also*, *Free v. Bland*, 369 U.S. 663, 671 (1962) (Warren, C.J.) (explaining the trial court could not have "properly … decided" the issue of fraud on summary judgment because "[t]here was no *direct allegation* of fraud in the counterclaim[]" (emphasis added)); *Law Co. v. Mohawk Constr. & Sup. Co.*, 577 F.3d 1164, 1171 (10th Cir. 2009). As the Fifth Circuit has aptly put it, the defenses have been waived and "cannot [be] revive[d] … in a memorandum in support of a motion for summary judgment." *Funding Sys. Leasing Corp.*, 530 F.2d at 96. They must, therefore, be dismissed under Rule 12(c).

### III. Conclusion

For the foregoing reasons, Wells Fargo's affirmative defenses of limitations and failure to exhaust should be dismissed under Rule 12(c).

– 6 –

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street | Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: /s/ Curt C. Hesse

Curt Hesse
Tex. Bar No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served a copy of this document on all parties or their attorney(s) of record—who are listed below—in accordance with Fed. R. Civ. P. 5(b) on the date indicated as follows:

> Ms. Pamela D. Williams
> pwilliams@fisherphillips.com
> Ms. Lariza Hebert
> lhebert@fisherphillips.com
> FISHER & PHILLIPS, LLP
> 910 Louisiana Street, Suite 4000
> Houston, Texas 77002
> Facsimile: (713) 292-0151
> *Attorney(s) for Defendant Wells Fargo Bank, N.A.*
> ☐ mail
> ☐ personal delivery
> ☐ leaving it at ☐ office ☐ dwelling
> ☐ leaving it with court clerk
> ☐ electronic means
> ☐ other means
> ☒ CM/ECF system

| September 12, 2023 | _/s/ Curt C. Hesse_ |
|---|---|
| Date | Curt Hesse |