United States District Court
Southern District of Texas
**ENTERED**
November 21, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMEKKA RASBERRY *and* ASHLEY FLOWERS, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. H-22-007 |
| WELLS FARGO BANK, N.A., | § § § | |
| Defendant. | § § § § | |

## ORDER

Pending before the Court is Defendant's Motion for Summary Judgment and Incorporated Memorandum of Support to Dismiss Plaintiff Samekka Rasberry's Claims in Their Entirety (Document No. 24), Defendant's Motion for Summary Judgment and Incorporated Memorandum of Support to Dismiss Plaintiff Ashley Flower's Claims in Their Entirety (Document No. 25), Plaintiffs' Motion for Partial Judgment on the Pleadings as to Certain Affirmative Defenses (Document No. 36), and Plaintiffs' Motion to Strike Summary Judgment Evidence (Document No. 37). Having considered the motions, submissions, and appliable law, the Court determines Defendant's motions should be granted and Plaintiffs' motions should be denied.

## I. BACKGROUND

This is an employment dispute. Plaintiff Samekka Rasberry ("Rasberry") and Plaintiff Ashley Flowers ("Flowers") (collectively, the "Plaintiffs") are/were employed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Rasberry was hired in October 2013 and is still currently employed by Wells Fargo. Rasberry has spent the majority of her time at Wells Fargo as a Business Banking Specialist ("BBS"). In spring 2021, Wells Fargo went through an organizational restructuring, and the BBS positions were eliminated. During her employment, Rasberry has requested and been granted multiple medical leaves spanning significant periods of time. In March 2021, after returning from a year-long medical leave, Rasberry returned to work as a Personal Banker ("PB"). Rasberry did not receive a pay reduction or any other adverse employment action associated with her reassignment as a PB. On February 10, 2020, Rasberry filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex, race, and disability discrimination. In the charge of discrimination, Raspberry references an employee being paid more than her and a substandard job rating she received in 2015.

Flowers was employed by Wells Fargo from August 2010 to July 2020. Flowers was promoted to branch manager approximately a year and a half into her employment at Wells Fargo. In 2014, Flowers began reporting to Jenifer

Urbanovsky ("Urbanovsky"). Flowers alleges *inter alia* that she was racially discriminated against by Urbanovsky and forced to hire a male employee over a more qualified African-American Female candidate. On June 19, 2020, Flowers voluntarily resigned from Wells Fargo to take a new position at PNC Bank. On August 10, 2020, Flowers filed a charge of discrimination with the EEOC asserting sex and race discrimination, hostile work environment, and retaliation.

Based on the foregoing, on December 3, 2022, Flowers and Rasberry filed this lawsuit alleging violations of the Texas Commission of Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.051 et seq., in the Harris County District Court for the 270th Judicial District. Specifically, Rasberry asserted: (1) disability discrimination; (2) racial discrimination; (3) sex discrimination; (4) hostile work environment; and (5) retaliation. Flowers asserted claims for: (1) racial discrimination; (2) sex discrimination; (3) hostile work environment; and (4) retaliation. On January 3, 2023, Wells Fargo removed the case to federal court.

## II. STANDARD OF REVIEW

*A.  Rule 56*

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

3

Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. Liberty Lobby, Inc., 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for

evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

*B.      Rule 12 (c)*

Motions made pursuant to Federal Rule of Civil Procedure 12(c) are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citations and internal quotation marks omitted). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Therefore, like a motion under Rule 12(b)(6), Rule 12(c) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. *Id.* Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' it demands more than 'labels and conclusions.' " *Ashcroft v.*

5

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(c) motion, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [non-movant].' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). As with a Rule 12(b)(6) motion, the Court is permitted to consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). The motion "should be granted if there is no issue of material fact and if the pleadings show that the moving party is entitled to judgment as a matter of law." *Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 683 (S.D. Tex. 2014) (Lake, J.) (citing *Greenberg v. Gen. Mills Fun Grp., Inc.*, 478 F.2d 254, 256 (5th Cir. 1973)).

### III. LAW & ANALYSIS

Wells Fargo contends the Plaintiffs' claims fail because: (1) many of the events underlying the Plaintiffs' claims are time-barred; (2) the Plaintiffs failed to exhaust administrative remedies for many of their claims; and (3) the Plaintiffs' failed to identify an adequate comparator or adverse employment action. Wells

Fargo also contends the Plaintiffs violated Wells Fargo policy and failed to establish prima facie cases of discrimination. Plaintiffs contend summary judgment is improper because Wells Fargo waived the defenses pertaining to time-barred claims and exhaustion of administrative remedies. The Plaintiffs also contend Wells Fargo failed to timely disclose its summary judgment evidence. The Court first addresses the Plaintiffs' motion to strike before analyzing the dispositive motions.

*A.    Plaintiffs' Motion to Strike*

Plaintiffs move to strike portions of Wells Fargo's summary judgment evidence based on allegedly not receiving a copy of the declarations used by Wells Fargo in its motions for summary judgment. Wells Fargo contends that the declarants in question were disclosed and discussed at the depositions, and the Plaintiffs were on notice of the declarants. Having considered the motion, submissions, and applicable law, the Court determines that the motion to strike should be denied. Accordingly, the Plaintiffs' motion to strike is denied. The Court now addresses the Plaintiffs' motion for partial judgment on the pleadings.

*B.    Plaintiff's Motion for Partial Judgment on the Pleadings*

The Plaintiffs contend Wells Fargo did not plead either time limitations or failure to exhaust administrative remedies defenses in its answer. As a result, Plaintiffs contend Wells Fargo is now barred from asserting those defenses. Wells Fargo contends: (1) it plead failure to state a claim which encompasses the defenses

7

in question; (2) controlling authority shows Wells Fargo did not waive the defenses; and (3) the Plaintiffs had not provided details of their claims sufficient to allow Wells Fargo to know if the defenses in question were applicable. Indeed, the Fifth Circuit has held that generally, "if [an affirmative] defense 'is raised at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond,' " then the defense won't be found to be waived. *Solomon v. Spalitta*, 484 Fed. Appx. 883, 884-85 (5th Cir. 2012). Having considered the motion, submissions, and applicable law, the Court determines that the motion for partial judgment on the pleadings should be denied. Accordingly, Plaintiffs' motion for judgment on the pleadings is denied. The court now turns to Wells Fargo's motions for summary judgment of the Plaintiffs' Claims.

C.   *Wells Fargo's Motions for Summary Judgment of the Plaintiffs' Claims*

Wells Fargo contends: (1) the Plaintiffs failed to exhaust their administrative remedies regarding parts of their claims; (2) Rasberry's claims related to disability discrimination are timed barred because her claim arises from an alleged 2015 incident; (3) the Plaintiffs fails to identify an adverse employment action and a proper comparator for their race and sex discrimination claims; and (4) the Plaintiff's claims of hostile work environment and retaliation fail as a matter of law. Plaintiffs contend that it is "a better course to proceed to trial," and they need not show there

8

was an adverse employment decision.[1] The Court now addresses each of the claims made by the Plaintiffs.

### 1.  Rasberry's *Disability Discrimination Claim*

Wells Fargo contends Rasberry's disability discrimination fails because it is time-barred, and alternatively, she cannot identify an adverse employment action. The Plaintiffs contend throughout their response that Wells Fargo has waived their time-barred defense. Rasberry also contends there is a question of fact as to whether Wells Fargo discriminated against her on the basis of a disability.

The language of the Texas Labor Code parallels that of the Americans with Disabilities Act ("ADA"); thus, courts evaluating discrimination claims brought under the Texas Labor Code may look to ADA law. *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 578 n.16 (5th Cir. 2020). Disability discrimination claims must be brought within 300 days. 42 U.S.C § 2000e-5(e)(1). Rasberry's claim of disability discrimination is based solely on her allegations regarding two occurrences in 2015: (1) a low performance rating; and (2) the "hope you can continue to stay healthy" comment that was made during her annual review by her manager at the time, Edgar

---

[1] The Plaintiffs also argue waiver of Wells Fargo's affirmative defenses and to strike the evidence used by Wells Fargo, repeating the contentions raised in their motion for partial judgment on the pleadings and motion to strike summary judgment evidence. *See Plaintiff Samekka Rasberry's and Ashley Flowers' Response in Opposition to Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment*, Document No. 43 at 1–20.

Martinez.[2] Rasberry filed her Charge on February 10, 2020, five years after the 2015 review. Accordingly, Rasberry's claims are time-barred.[3] Therefore, the Court finds Rasberry's claim of disability discrimination is based on events that are time-barred.

Wells Fargo alternatively argues that Rasberry's claim of disability discrimination, like many of the Plaintiffs' claims, fails due to the lack of an adverse employment action. The Fifth Circuit defines an adverse employment action in the context of a disability claim to be only an "ultimate employment decision," like "hiring, granting leave, discharging, promoting, or compensating." *Cavazos v. Donahue*, 2016 WL 3654766, at *5 (S.D. Tex. July 8, 2016) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir.2007)). It is undisputed that Rasberry is still employed and has not been subject to a pay decrease. Rasberry's transfer to a PB position was a result of a company-wide restructure.[4] Accordingly, the lack of

---

[2] *Defendant's Motion for Summary Judgment and Incorporated Memorandum of Support to Dismiss Plaintiff Samekka Rasberry's Claims in Their Entirety*, Document No. 24, Exhibit A at 76:12–22 (*Deposition of Samekka Rasberry*) [hereinafter *Rasberry Deposition*].

[3] The Court is not persuaded by Rasberry's argument that Wells Fargo has waived its defenses of time barred claims or failure to exhaust administrative relief. As discussed above, "if [an affirmative] defense 'is raised at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond,'" then the defense won't be found to be waived. *Solomon v. Spalitta*, 484 Fed. Appx. 883, 884-85 (5th Cir. 2012). Additionally, Wells Fargo timely filed its motions for summary judgment after completing depositions and identifying the applicability of the defenses.

[4] The Court notes that even if Rasberry's lateral move to the PB position was adverse, the Fifth Circuit has repeatedly held that such a restructuring is a legitimate, nondiscriminatory business decision. *Jackson v. Honeywell Intern., Inc.*, 601 F. App'x.

10

an adverse employment action also warrants summary judgment of Rasberry's disability discrimination claim. The Court now addresses the Plaintiffs' claims of Race and sex discrimination.

## 2. *The Plaintiffs' Racial and Sex Discrimination Claims*

Wells Fargo contends Plaintiffs' claim of race and sex discrimination fails because they cannot show an adverse employment action as required to prove a prima facie case. Wells Fargo also contends neither Plaintiff has identified a proper comparator to fulfill the fourth element of their prima facie case. The Plaintiffs claim adverse employment action is not needed in the context of race and sex discrimination and that they have identified proper comparators.

To establish a prima facie case of sex or race discrimination, a Plaintiff must show she (1) is a member of a protected class, (2) was qualified for her position, (3) suffered an adverse employment action, and (4) was replaced by someone outside of her protected class or similarly situated members of the opposing class were treated more favorably. *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008) (per curiam); *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (sex discrimination); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (race discrimination); *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th

---

280, 285 (5th Cir. 2015)("We have held that an elimination of a position is a legitimate, non-discriminatory reason for an adverse employment action")

11

Cir. 2004) (noting that the analogous federal statutes and cases guide the reading of Chapter 21 of the Texas Labor Code).

Flowers received raises almost every year of her employment. Further, there is nothing in the record to suggest she was badgered, threatened with termination, or treated in an adverse way.[5] In fact, she left Wells Fargo on her own accord after securing a new job at PNC Bank. Generally, "To prove a constructive discharge, a plaintiff must establish that working conditions were so intolerable that a reasonable employee would feel compelled to resign." *Brown v. Liberty Mut. Grp., Inc.*, 616 F. App'x 654, 657 (5th Cir. 2015), Here, the record does not indicate any adverse action taken against Flowers.[6] As to Rasberry, as discussed above, she is still employed by Wells Fargo and has never received a pay decrease or punitive action. While Rasberry was laterally moved to a new position that was a result of a companywide restructuring.

---

[5] *Defendant's Motion for Summary Judgment and Incorporated Memorandum of Support to Dismiss Plaintiff Ashley Flower's Claims in Their Entirety*, Document No. 25, Exhibit A at 26:16–25; 47:16–49:5 (*Deposition of Ashley Flowers*) [hereinafter *Flowers Deposition*].

[6] Wells Fargo also contends many of the events Flowers uses as a basis for her claims are time barred. Specifically, Flowers alleges that non-black Branch Managers, Michael Plumb, Edgar Martinez, and Erica Angel made more money than her during performance years 2018 and 2019 and she was written up in 2019. All of these events occurred more than 300 days before she filed her charge on August 10, 2020. Accordingly, many of the events cited by Flowers is likely time barred as a matter of law. Additionally, the employees Flowers cites were not proper comparators due to being "higher level managers" and/or having higher performance ratings.

The Plaintiffs contend *Hamilton v. Dallas*, has foreclosed on the need to prove adverse employment action in the context of a claim for race or sex discrimination. No. 21-10133, 2023 WL 5316716 (5th Cir. Aug. 18, 2023). While *Hamilton*, did broaden what is seen as an adverse employment action, it did not eliminate the requirement of an adverse employment action. The Fifth Circuit held, "To adequately plead an adverse employment action, plaintiffs need not allege discrimination with respect to an 'ultimate employment decision.' Instead, a plaintiff need only show that she was discriminated against, because of a protected characteristic, with respect to hiring, firing, compensation, or the "terms, conditions, or privileges of employment"— just as the statute says." *Hamilton v. Dallas*, No. 21-10133, 2023 WL 5316716 (5th Cir. Aug. 18, 2023). Here, there is nothing in the record to show any sort of adverse employment action that affected the Plaintiffs' terms and conditions of employment. While the Plaintiffs cite vague conclusory beliefs, they fail to identify any specific action by Wells Fargo that negatively affected them. To the contrary, the record indicates Rasberry was allowed to take medical leave multiple times as she requested[7] and both Plaintiffs received pay raises

---

[7] Wells Fargo also contends neither Plaintiff has adequately identified a comparator that they were treated differently then. For example, Marlin Sosa, a Hispanic male was cited as being paid more than Rasberry. However, Sosa had multiple professional licenses that differentiates him from Rasberry. While the Plaintiffs have likely failed to identify proper comparators, the court need not reach this issue base on its decision regarding adverse employment action.

and other benefits of employment. The lack of any meaningful adverse action coupled with the fact that many of the Plaintiffs' claims are time-barred, supports the finding that summary judgment is proper. The Court is not persuaded by Plaintiff's contentions that Hamilton stands for the proposition that absolutely no adverse action is required for a race or sex discrimination claim. Accordingly, the Court finds the Plaintiffs have failed to show any adverse action taken against them or their terms and conditions of employment. Thus, Plaintiffs' claims of race and sex discrimination fail as a matter of law. The Court now addresses the Plaintiffs' claims of hostile work environment.

### 3. *The Plaintiffs' Hostile Work Environment Claim*

Wells Fargo contends Rasberry's hostile work environment claim fails because she did not exhaust her administrative remedies. Wells Fargo further contends Flowers cannot establish a prima facie case for a hostile work environment because she only cites four isolated incidents to demonstrate Wells Fargo cultivated a hostile work environment. Plaintiffs again contend that Wells Fargo has waived its defense of failure to exhaust administrative relief and that the better course is to proceed to trial.

To establish a prima facie case of a hostile work environment, Plaintiff must present evidence that (1) she belongs to a protected class; (2) she was subjected to unwelcome harassment; (3) the alleged harassment was based on Plaintiff's race; (4)

14

the harassment affected a term or condition of Plaintiffs' employment; and (5) the employer knew or should have known about the alleged harassment and failed to take prompt remedial action. *See Felton v. Polles*, 315 F.3d 470, 484 (5th Cir. 2002).

As to Rasberry, she alleges that Maria Gomez ("Gomez"), a former Service Manager, "assaulted" her by raising her voice and pointing at her during a conversation in which Rasberry was attempting to ask Gomez whether everything was alright at home.[8] There were no allegations about Gomez or a hostile work environment included in Rasberry's EEOC charge of discrimination and therefore she has failed to exhaust her administrative remedies as to this entire claim. *See Nazir v. Wal-Mart Stores Texas, LLC*, 2009 WL 3735937 at *3 (S.D. Tex. Nov. 4, 2009) (Lake, J.) (hostile work environment and national origin discrimination claims dismissed as a matter of law because the plaintiff failed to include them in her charge).[9] Accordingly, Rasberry has failed to exhaust her administrative remedies as it relates to her hostile work environment claim.

As to Flowers's claim, she relies on four isolated incidents to establish a hostile work environment. Specifically, Flowers alleges: (1) she was issued an

---

[8] *Rasberry Deposition, supra* note 2 at 95:19–98:18.

[9] Wells Fargo also contends the statements Rasberry claims caused the hostile work environment were isolated and not related to her protected classes. *Defendant's Motion for Summary Judgment and Incorporated Memorandum of Support to Dismiss Plaintiff Samekka Rasberry's Claims in Their Entirety*, Document No. 24 at 15–16.

Informal Warning for shutting down the branch; (2) Urbanovsky allegedly said "you people (or "you guys") were all friends at the branch"; (3) Urbanovsky allegedly called an employee lazy; and (4) Flowers was instructed to hire Marlin Sosa. These isolated events do not arise to continuous and pervasive harassment needed to maintain a hostile work environment. The four separate and unrelated incidents do not reflect the type of pattern that constitutes a hostile work environment. Further, as discussed above there is no evidence in the record to suggest these incidents over a four-year period affected Flowers' employment term or conditions. Accordingly, Flowers claim of hostile work environment also fails. The Court now addresses the Plaintiffs' claims of retaliation.

### 4. *The Plaintiffs' Retaliation Claim*

Wells Fargo contends Rasberry's retaliation claim fails because she did not exhaust her administrative remedies. Wells Fargo contends that Flowers' retaliation claim fails because she cannot show any adverse employment action. The plaintiffs do not directly address their retaliation claims in their response. However, generally, the Plaintiffs contend there is a question of fact and proceeding to a jury trial is the "better course."

To establish a prima facie case of retaliation, the employee must show: (1) she participated in a protected activity; (2) she suffered an adverse action; and (3) there

was a causal connection between her protected activity and the adverse action. *Buckhanan v. Shinseki*, 665 F. App'x 343, 346-47 (5th Cir. 2016).

Here, Rasberry's charge to the EEOC did not mention or address any claims regarding retaliation. Therefore, as discussed above, Rasberry has failed to exhaust her administrative remedies as required by law. Alternatively, Rasberry again fails to demonstrate an adverse action of any kind, much less one that would equate to retaliation. Rasberry being reassigned as a PB was a lateral position change that occurred because of a company restructuring. There is nothing in the record to suggest Wells Fargo retaliated against Rasberry. To the contrary, the record seems to indicate that Wells Fargo repeatedly granted her medical leave and other employment benefits. Accordingly, Rasberry has failed to state a claim for retaliation.

As to Flowers, she also fails to demonstrate any adverse employment action that would show she was retaliated against. Flowers asserts that she was subjected to retaliation after she complained to Employment Relations ("ER") about Urbanovsky based on the investigations into her improper waiver of overdraft fees for her sister and favoritism toward African-American employees.[10] However, Flowers did not submit a complaint to ER until after Wells Fargo launched its

---

[10] *Flowers Deposition, supra* note 5 at 82:17–83:23.

investigation into her misconduct. Additionally, at no time was Flowers punished or received any adverse action. In fact, she left on her own accord to take a new position. Accordingly, Flowers has failed to state a claim for retaliation. Therefore, the Court finds summary judgment to be appropriate.[11]

## IV. CONCLUSION

**ORDERS** that Defendant's Motion for Summary Judgment and Incorporated Memorandum of Support to Dismiss Plaintiff Samekka Rasberry's Claims in Their Entirety (Document No. 24) is **GRANTED.** The Court further

**ORDERS** that Motion for Summary Judgment and Incorporated Memorandum of Support to Dismiss Plaintiff Ashley Flower's Claims in Their Entirety (Document No. 25) is **GRANTED**. The Court further

**ORDERS** that Plaintiffs' Motion for Partial Judgment on the Pleadings as to Certain Affirmative Defenses (Document No. 36) is **DENIED**. The Court further

**ORDERS** that Plaintiffs' Motion to Strike Summary Judgment Evidence (Document No. 37) is **DENIED.**

**THIS IS A FINAL JUDGMENT**

---

[11] The Court notes that Wells Fargo also contends both of the Plaintiffs violated policy and as such after-acquired evidence provides a valid reason for their terminating employment and being excused from paying them certain compensation. *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 361-62 (1995). Based on the foregoing the Court need not reach this issue.

SIGNED at Houston, Texas, on this __21__ day of November, 2023.

                                          DAVID HITTNER
                                      United States District Judge

19